WILLIAM A. COCHRAN & another *vs.* NATHANIEL P. DUTY.

A written agreement in this form: "Borrowed and received of A. two hundred and sixty dollars, which I promise to pay on demand with interest," imports a consideration on its face; and if the defendant, in an action upon it, has introduced evidence tending to show that it was without consideration, the plaintiff may prove that it was given in payment of a debt of a third person, although there is no averment to that effect in the declaration

CONTRACT upon the following written agreement: " $260.90. Boston, Oct. 20, 1857. Borrowed and received of Cochran & How two hundred and sixty $\frac{90}{100}$ dollars, which I promise to pay on demand with interest. N. P. Duty." The defence was, a want of consideration, and that the paper was given for the accommodation of the plaintiffs.

At the trial in the superior court, before *Putnam*, J., after the production of the paper, the defendant testified that he signed it simply for the accommodation of the plaintiffs; whereupon they were allowed to introduce evidence tending to show that it was given in part payment of an account due to the plaintiffs from third persons. The defendant objected to this, because the declaration set forth no such claim; because the paper expressed on its face that it was for money borrowed; and because a promise to pay the debt of a third person is not valid unless made in writing. The defendant also requested the court to instruct the jury that the burden was on the plaintiffs to prove that this paper was given in payment of the claim referred to. The judge ruled that the burden was on the plaintiffs throughout, to prove a consideration; but that the paper itself imported a consideration on its face, which made a *prima facie* case, and, since the defendant had set up in his answer that it was given

for the accommodation of the plaintiffs, it was incumbent on him to prove that fact, if he would overcome the plaintiffs' *prima facie* case.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*G. E. Betton*, for the defendant.

*F. W. Hurd*, for the plaintiffs, was not called upon.

Dewey, J. 1. This case presents no question as to the effect of an oral promise to pay the debt of another. The promise, such as it was, was in writing, and seems to have been given in actual payment of a debt of third persons, as the jury must have found by the verdict which they returned.

2. The declaration properly set forth this written promise, and no necessity existed for setting forth that it was given on ac-count of the debt of third persons. *Sexton* v. *Wood*, 17 Pick. 110.

3. The judge properly ruled that the writing itself imported a consideration on its face, which made a *prima facie* case as to the consideration. No ground of exception exists to the ruling in reference to the burden of proof, as to the consideration.

4. The evidence on the part of the plaintiffs was properly admitted. *Exceptions overruled.*